UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LEON SPATCHER, CDCR #BJ-9222,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>CITY OF OCEANSIDE; OFFICER BEATRIZ GONZALES; OFFICER JEFFREY BRANDT,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:20-CV-1554 JLS (WVG)<br><br>**ORDER: (1) DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915A(b)(1); AND (2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT** |

　　　Plaintiff Gregory Leon Spatcher, currently incarcerated at the California Institution for Men ("CIM") in Chino, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

///

9

## I. Sua Sponte Screening Pursuant to 28 U.S.C. § 1915A(b)

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). Pursuant to this provision of the PLRA, the Court is required to review prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a government entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(b)(1)–(2); *Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

Plaintiff's Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it is duplicative of another civil action he has filed in this Court. *See Spatcher v. Baird, et al.*, S.D. Cal. Civil Case No. 3:19-cv-01936-BAS-MSB ("*Spatcher I*"). A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). The factual allegations in both matters are nearly identical and name the same Defendants. Thus, the Court finds that Plaintiff's present Complaint is duplicative of the pleadings he filed in *Spatcher I*.

A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and

internal quotations omitted). Because Plaintiff has already brought the same claims presented in the instant action against the same defendants in *Spatcher I*, the Court must dismiss this duplicative action pursuant to 28 U.S.C. § 1915A(b)(1). *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1; *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

## II. Conclusion and Order

After review, **IT IS HEREBY ORDERED** that this civil action is **DISMISSED WITHOUT PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is **DENIED** as moot. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: August 26, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge